IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOHN HENRY WILLIAMS, : | |
| : | |
| Petitioner : | |
| : | |
| VS. : | |
| : | |
| MITCHELL COUNTY SUPERIOR : | |
| COURT, : | NO. 1:05-CV-136(WLS) |
| Respondent : | |
| : | **O R D E R** |

Petitioner **JOHN HENRY WILLIAMS**, an inmate at Calhoun State Prison in Morgan, Georgia, originally filed this *pro se* letter in the Northern District of Georgia. On September 29, 2005, the letter, which the Northern District docketed as a 28 U.S.C. § 1361 mandamus petition, was transferred to the undersigned from United States District Judge Beverly B. Martin because venue in the Northern District was improper.

In his letter, petitioner alleges that the Superior Court of Mitchell County has not provided him with copies of certain orders relating to post-conviction motions. Petitioner also appears to allege that the trial court has not addressed petitioner's motion to set aside a void sentence. Petitioner asks this Court to hold an evidentiary hearing and to secure all transcripts related to petitioner's 2002 conviction in the Superior Court of Mitchell County.

To the extent petitioner asks this Court to compel the Superior Court of Mitchell County to provide him with copies of certain orders or to address his pending motion, this Court has no such power. Section 1361 expressly provides that the "district courts shall have original jurisdiction of

any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Superior Court of Mitchell County is not an officer or employee of the United States or any agency; as such, this Court has no jurisdiction to force it to act on petitioner's behalf. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (finding that federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.").

It is possible that petitioner intended to file a petition for habeas corpus instead of a petition for writ of mandamus. If that is the case, the Court observes that the petitioner has failed to present his claims on the standard 28 U.S.C. § 2254 forms required by this Court. Nor has the petitioner submitted the filing fee of $5.00 or a financial affidavit seeking leave to proceed *in forma pauperis*. Accordingly, if plaintiff wishes to pursue a challenge to the validity of his conviction, he is hereby **ORDERED** to complete and submit a 28 U.S.C. § 2254 form AND either submit the filing fee of $5.00, or execute and return a financial affidavit seeking leave to proceed *in forma pauperis* including a copy of her trust fund account balance. In addition, in a proper habeas corpus petition, the plaintiff must name as respondent the Warden where he is being confined, which plaintiff has failed to do.

Petitioner shall have thirty (30) days from the date of his receipt of this order to provide the aforementioned information. Petitioner is advised that failure to submit the form, pay the fee or submit the required affidavit may result in dismissal of this action. There shall be no service of

process until further order of the Court.

The Clerk of Court is **DIRECTED** to forward the appropriate section 2254 forms and financial affidavit to the petitioner together with a copy of this order.

**SO ORDERED**, this 17th day of October, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE