IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JOHN HENRY WILLIAMS, | : | |
| Petitioner | : | |
| VS. | : | 1 : 05-CV-136 (WLS) |
| KEVIN ROBERTS, Warden, | : | |
| Respondent. | : | |

## RECOMMENDATION

Presently pending in this federal habeas petition is the respondent's Motion to Dismiss the petition as untimely filed. On June 26, 2002, the petitioner pled guilty to armed robbery and kidnaping, and was sentenced to twenty (20) years, ten (10) to serve. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was filed on October 20, 2005.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the petitioner. Following his June 2002 conviction, the petitioner did not file a direct appeal, nor did he file a state habeas petition collaterally attacking his conviction.  His conviction became final on or about July 26, 2002, the date on which the 30-day period for filing a notice of appeal expired. Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year from July 26, 2002, in which to file this federal petition, or toll the limitations period by filing a state habeas petition.  The petitioner filed neither a state habeas petition nor this federal petition in a timely manner, waiting until October 2005 to file this federal petition.

Based on the petitioner's untimely filing of this federal petition, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this matter be dismissed with prejudice.  It is further recommended that the petitioner's Motion to Remand be **DENIED** as moot.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 31st day of May, 2006.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb